IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRANSPARENT ENERGY LLC,

Plaintiff,

v.

Case No. 3:19-cv-03022-L

PREMIERE MARKETING LLC,

Defendant.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action for trademark infringement and unfair competition is Defendant Premiere Marketing LLC's (Premiere Marketing) "Motion to Dismiss Plaintiff's First Amended Petition for Failure to Join Necessary and Indispensable Parties." (ECF No. 15). For the reasons stated, the District Court should DENY Premiere Marketing's Motion because it is procedurally barred. Alternatively, the Court should DENY the Motion because Premiere Marketing failed to meet its burden of demonstrating that any missing party is necessary under Rule 19.

## Background

Plaintiff Transparent Energy LLC (Transparent Energy) provides energy brokerage services in Texas and "many other states[.]" First Am. Compl. 3, ¶ 9 (ECF No. 13). It owns the United States trademark (Registration No. 2,227,222) for the service mark "TRANSPARENT ENERGY" (the "Mark"). *Id.* at ¶ 10; *see also*

Def.'s Answer 2, ¶ 10. The Mark was registered on June 20, 2017, and, according to Transparent Energy, it has "extensively promoted and advertised its services" under the Mark since November 1, 2016. First Am. Compl. at ¶¶ 10, 14.

"On December 12, 2016, Premiere Marketing LLC filed a New Jersey registration of alternate name application for the name 'Transparent Energy' with the stated business purpose of 'Energy Consulting[.]' " *Id.* at 3–4, ¶ 16. Transparent Energy alleges that, since then, Premiere Marketing has used the Mark without authorization as the title of its website and in metatags on its website. *Id.* at 4, ¶¶ 18–19.

According to Transparent Energy, it became aware of Premiere Marketing's allegedly unauthorized use of the Mark in September 2017 and promptly notified Premiere Marketing that its conduct infringed the Mark. *Id.* at ¶¶ 22–23. Transparent Energy again contacted Premiere Marketing regarding the alleged infringement on August 14, 2019 by sending a cease and desist letter, but Premiere Marketing did not respond. *Id.* at 5, ¶ 25. Instead, Transparent Energy alleges that Premiere Marketing "registered an assumed name certificate for the name 'Transparent Energy' in Texas on August 18, 2019[.]" *Id.* at ¶ 27. Premiere Marketing then registered as a broker with the Public Utility Commission of Texas under the name 'Transparent Energy' and continues to conduct business in that capacity "within the field of use of the [Mark]." *Id.* at ¶¶ 28–29.

Transparent Energy filed this lawsuit on December 20, 2019. Premiere Marketing subsequently filed a "Motion to Dismiss Plaintiff's Complaint" under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Mot. (ECF No. 7). The Court granted in part and denied in part Premiere Marketing's motion, dismissing without prejudice Transparent Energy's claims for Texas statutory trademark infringement and Texas common law unfair competition and misappropriation. *See* Order Accepting (ECF No. 14) Findings, Conclusions, Recommendation (FCR) (ECF No. 12). The Court also denied Premiere Marketing's alternative request to transfer the case to the District of New Jersey. *Id.* Finally, the Court granted Transparent Energy's request for leave to file an amended complaint. *Id.*

Thereafter, Transparent Energy filed its First Amended Complaint on August 11, 2020. (ECF No. 13). The amended pleading is substantially identical to the Original Complaint—the only difference being the omission of the two claims that the Court previously dismissed. Premiere Marketing subsequently filed the pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. (ECF No. 15). Premiere Marketing cursorily asserts that "multiple third parties" use variations of the disputed Mark to offer energy brokerage services, and those third parties are necessary and indispensable parties to the litigation. Mot. 1.

Transparent Energy timely responded (ECF No. 19) and Premiere Marketing filed a reply (ECF No. 20). Accordingly, the Motion is ripe for determination.

## Legal Standards and Analysis

I. Premiere Marketing is procedurally barred from bringing a second Rule 12(b) motion to dismiss.

Premier Marketing brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), which allows dismissal of a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "In general, Rule 12(b) defenses must be brought in a single motion, before filing an answer, if a defendant seeks to raise them before answering." *Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 259 (N.D. Tex. July 2, 2014) (citing Fed. R. Civ. P. 12(b), 12(g)(2)). "A Rule 12(b)(7) defense can otherwise be raised in a responsive pleading, a Rule 12(c) motion, or at trial." *Id.* (citing Fed. R. Civ. P. 12(h)(2)). Because Premiere Marketing previously filed a Rule 12(b) motion, and the pending motion does not fall into any of the permitted categories under Rule 12(h)(2), the pending motion is procedurally barred, and the Court need not address the Premiere Marketing's Rule 19 arguments unless it chooses to do so *sua sponte*. *Id.*; *see also Zenith Ins. Co. v. Texas Inst. for Surgery, LLP*, 2018 WL 5297754, at *3 (N.D. Tex. Oct. 25, 2018).

In the alternative, given that both parties have fully briefed their Rule 19 arguments, the Court should exercise its discretion to consider Premiere Marketing's Rule 12(b)(7) motion *sua sponte*, even though the motion is procedurally barred.

II. Premiere Marketing has not met its initial burden of showing that joinder is required under Rule 19.

Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue as well as dismissal of litigation that should not proceed in the absence of parties that cannot be joined. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). The rule establishes a two-step inquiry for determining whether to dismiss a case for failure to join an indispensable party. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

First, the court must determine whether an unnamed party must be joined. *Id.* A person or entity that is subject to service of process and whose joinder would not destroy the court's subject matter jurisdiction is a "required" party under Rule 19(a) if (1) the party's absence would prevent the court from "accord[ing] complete relief among existing parties," or (2) the party has an interest in the subject of the action and is so situated that disposing of it in the party's absence may "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1)(A)–(B); *see also Fletcher's Original State Fair Corny Dogs, LLC v. Fletcher-Warner Holdings LLC*, 434 F. Supp. 3d 473, 498 (E.D. Tex. Jan. 17, 2020); *Pearson's Inc. v. Ackerman*, 2018 WL 5886608, at *2 (N.D. Tex. Nov. 9, 2018) (Ray, J.).

Second, if joinder of a party is required under Rule 19(a) but it is not feasible to do so, then the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Pulitzer*, 784 F.2d at 1309; *see also* Fed. R. Civ. P. 19(b). Factors courts are to consider in making this determination include "1) prejudice to an absent party or others in the lawsuit from a judgment; 2) whether the shaping of relief can lessen prejudice to absent parties; 3) whether adequate relief can be given without participation of the party; and 4) whether the plaintiff has another effective forum if the suit is dismissed." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing Fed. R. Civ. P. 19(b)).

Generally, "federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result." *Jordan v. Washington Mut. Bank*, 211 F.Supp.2d 670, 675 (D. Md. 2002) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3d ed. 2004)); *see also Ackerman*, 2018 WL 5886608, at *2. In deciding a Rule 12(b)(7) motion, courts "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359. Furthermore, the party advocating joinder bears the burden of demonstrating that a missing party is necessary. *Nat'l Cas. Co. v. Gonzalez*, 637 Fed App'x 812, 814 (5th Cir. 2016) (citing *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)). But once "an initial appraisal of the facts indicates that a possibly necessary party

is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (internal quotation marks omitted). For reasons stated below, the Court finds that Premiere Marketing has not met its initial burden.

Premiere Marketing contends that "multiple third parties" use variations of the Mark to offer energy brokerage services—naming three in particular: Transparent Energy Services, Inc.; Transparent Energy, LLC; and TransparencE Energy Services, LLC. Def.'s Br. 2–3, ¶¶ 3–6 (ECF No. 15). The use of the Mark, according to Premiere Marketing, grants each of these parties an interest in using one or more variations of the Mark for their respective energy brokerage services. *Id.* at 4, ¶ 9. So, the disposition of this action in their absence would likely impair or impede their ability to protect that interest, as a ruling by the Court affirming Premiere Marketing's anticipated defenses—that the mark is inherently descriptive or generic—would arguably preclude or prejudice the potential claims of third-party energy brokers that may seek their own claims in the term. *Id.* at 4, ¶¶ 12–13.

But courts have consistently held that Rule 19 does not require the joinder of additional infringing entities of a mark in trademark enforcement litigation. *See Fletcher's,* 434 F. Supp. 3d at 498 (citing cases). In *Ackerman*, a recent decision by another court in this district, the defendants in a trademark case moved for dismissal under Rule 12(b)(7) on the grounds that eight unnamed companies similarly infringed upon a trademark. Joinder of these nonparties was required under Rule 19(a), allegedly, because nonjoinder "would potentially prejudice the

nonparties' interests, result in inconsistent obligations, and prevent the Court from providing complete relief to the joined parties." *Id.,* at *2.

The court rejected these arguments because the nonparties' interest asserted by the defendants "is not the type of interest contemplated by Rule 19(a)(2)." *Id.* at 3. None of the nonparties were alleged to be the real owners of the mark or subject to a contract that would grant contractual interests in the resolution of the case, so the court found that the defendants failed to allege a protectible interest common to the nonparties such that joinder was required. *Id.* at 3 (citing *Escamilla v. M2 Tech., Inc.*, 536 Fed. App'x 417, 421 (5th Cir. 2013) ("As owner of the mark, the licensor has a legally protected interest in the subject matter of the action."); *Optimum Content Prot., LLC v. Microsoft Corp.*, 2014 WL 12452439, at *3–4 (E.D. Tex. Aug. 25, 2014), *adopted by*, 2014 WL 12324277 (E.D. Tex. Oct. 7, 2014) (finding a nonparty to be a necessary party because it was a party to a contract implicating rights under the contract)). Because the defendants did not allege that the nonparties had a protectable interest that was the subject of the case, the court in *Ackerman* concluded that joinder of the parties was not required under Rule 19(a). *Id* at *3 (*Wingate*, 327 F.3d at 493 (concluding that joinder is "not required unless the judgment effectively precludes [the nonparties] from enforcing their right and they are injuriously affected by the judgment") (internal quotation marks omitted)). The interests cited by the defendants were additionally insufficient because "[t]he 'interests contemplated in Rule 19(a) must be more than a financial stake, and more than speculation about a future event," *id.* citing (*Automation*

*Support, Inc. v. Wallace*, at *5 (N.D. Tex. July 23, 2015)), and because a "nonparty's 'interest' must also be legally protectable," *id.* at *3 (citing *United Keetoowah Bank of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324 (Fed. Cir. 2007); *Ass'n of Co-op Members, Inc. Farmland Indus., Inc.* 684 F.2d 1134, 1143 (5th Cir. 1982)). The Court finds this analysis persuasive.

Here, Premiere Marketing similarly claims that there are three nonparties possessing an interest in the Mark that makes joinder necessary. Def.'s Br. 2–4, ¶¶ 3–6, 9, 11–13. As was the case in *Ackerman*, however, Premiere Marketing does not allege that these three nonparties (1) are the real owners of the Mark, (2) are parties to a contract granting contractual interests in the action at hand, or (3) have any other relevant legally protectable interest. There is simply nothing to suggest that the nonparties have an interest that is more than a financial stake or mere speculation about a future event. *See Ackerman*, 2018 WL 5886608, at *3 (quoting *Wallace*, 2015 WL 13106329, at *5).

Premiere Marketing attempts to distinguish *Ackerman* by asserting the Motion here attempts to join obligatory Plaintiffs—rather than joint tortfeasors. Def.'s Reply 3–4. Without more, Premiere Marketing then repeats its claim that the nonparties have a protectable interest subject to this action in the form of the ability to enforce their rights to the Mark. *Id.* at 4. Premiere Marketing refers to the nonparties as third parties that may wish to enforce their own claims in the current case, *see* Def.'s Br. 2–4, ¶¶ 3–6, 12, but it provides nothing to support the assertion that the nonparties are related in any way to Transparent Energy. More

importantly, as stated, Premiere Marketing has not established that the nonparties possess a valid interest under Rule 19—whether they be plaintiffs or would-be defendants.

Furthermore, Premiere Marketing does not adequately explain how nonjoinder would impair or impede the nonparties' ability to protect any purported interest that they have. Without more, it claims that its motion would have a *res judicata* effect if the Court concludes that the Mark is inherently descriptive or generic. Def.'s Reply 3. Despite Premiere Marketing's assertion that this statement alone "axiomatically establishes how *res judicata* in this case would apply to the unnamed parties," *id*., this does not change the fact that Premiere Marketing has failed to allege that the nonparties have an interest to protect in the first place. *See Ackerman*, 2018 WL 5886608, at *3. This lack of an interest prompted the court in *Ackerman* to reject a remarkably similar argument.[1]

Finally, Premiere Marketing claims that, in actuality, it is Transparent Energy that has not met *its* burden of demonstrating that joinder is *not* necessary. Def.'s Reply 2. Premiere Marketing cites in support language from *Hood ex Rel. Mississippi v. City of Memphis, Tennessee* purportedly establishing that it is ultimately the non-moving party's burden to justify nonjoinder: "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, *after an initial appraisal of the facts indicates that a possibly*

[1] The Court notes that this same legal argument raised by Premiere Marketing was made in *Ackerman* by the same counsel.

*necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder*." *Id.* (quoting *Hood*, 570 F.3d at 628) (emphasis format changed).

In making this argument, Premiere Marketing misconstrues *Hood* and impermissibly attempts to shift the burden of proof. Premiere Marketing is correct that the party opposing joinder must dispute the need to join a necessary party *after* "an initial appraisal of the facts indicates that a *possibly* necessary party is absent." *Hood*, 570 F.3d at 628 (emphasis added). Transparent Energy's burden to dispute, therefore, only arises once Premiere Marketing establishes that the nonparties are possibly necessary parties. *See id.* As stated, Premiere Marketing has not done so. Accordingly, Transparent Energy was not required to justify nonjoinder. And with no other argument to fall back on, the Court concludes that Premiere Marketing has failed to meet its burden of demonstrating that a missing party is necessary under Rule 19.

III. Dismissal is inappropriate because joinder of the necessary parties listed by Premiere Marketing is feasible.

Rule 19(a) states that a necessary party should be joined when feasible. Fed. R. Civ. P. 19(a)(2); *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). Dismissal for failure to join a party may be proper only when joinder is not feasible. *See* Fed. R. Civ. P. 19(b). Neither party has alleged that joinder is improper in the present case. On the contrary, Premiere Marketing explicitly acknowledges that joinder of

the nonparties is indeed feasible. Def.'s Reply 2. Accordingly, even if the nonparties are necessary parties to the current action, dismissal would not be proper.

## Recommendation

For the foregoing reasons, the Court should DENY Premiere Marketing's second Motion to Dismiss (ECF No. 15).

**SIGNED** February 1, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).