IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRANSPARENT ENERGY LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-cv-03022-L** |
| **PREMIERE MARKETING LLC,** | § § § | |
| Defendant. | § § § | |

# ORDER

Before the court is Defendant's Motion and Brief to Dismiss Plaintiff's First Amended Petition [sic] for Failure to Join Necessary and Indispensable Parties ("Motion") (Doc. 15) filed August 25, 2020. The court referred the Motion to United States Magistrate Judge Rebecca Rutherford on January 23, 2020 (Doc. 8). On February 1, 2021, Magistrate Judge Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 22), recommending that the court deny Defendant Premiere Marketing LLC's ("Defendant" or "Premiere") Motion pursuant to Federal Rule of Civil Procedure 12(b)(7). Specifically, Magistrate Judge Rutherford determined that Defendant was procedurally barred from bringing a second Rule 12(b) motion to dismiss because, according to Rule 12(h), "Rule 12(b)(7) defense(s) can be raised in a responsive pleading, a Rule 12(c) motion, or at trial." Report 4. Defendant previously filed a Rule 12(b)(6) motion for failure to state a claim, but it did not raise the issue of failure to join necessary and indispensable parties (Doc. 7). The pending Rule 12(b)(7) defense was not raised in either a responsive pleading or a Rule 12(c) motion. Magistrate Judge Rutherford, therefore, determined that Defendant's motion is procedurally barred.

Order – Page 1

In the alternative, she determined that Defendant's Motion against Plaintiff Transparent Energy LLC for "failure to join a party under Rule 19" was substantively deficient as well. *See* Report 5-12. Federal Rule of Civil Procedure 19 establishes a two-step inquiry for determining whether to dismiss a case for failure to join an indispensable party: (1) the court must determine whether an unnamed party must be joined, and (2) if joinder is required but not feasible, the court must determine whether the action should proceed. Report 5. Defendant failed to establish that the nonparties possess a valid interest in the subject of the action and also failed to explain adequately how nonjoinder would impair or impede the nonparties' ability to protect any purported interest they might have. Report 9-10. Magistrate Judge Rutherford, thus, determined that these failures were fatal to Defendant's Motion. No objections to the Report were filed, and the time to do so has passed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Defendant's Motion.

**It is so ordered** this 12th day of March, 2021.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge