IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSPARENT ENERGY, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Case No. 3:20-cv-3022-BT |
| § | | |
| PREMIERE MARKETING, LLC, § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Transparent Energy, LLC's (Transparent) Motion to Join Additional Parties (ECF No. 52) and Defendant Premiere Marketing, LLC's (Premiere) Motion for Extension of Time to File Response (ECF No. 60). For the reasons stated, the Court GRANTS both motions.

## **Background**

Transparent filed this civil action for trademark infringement and unfair competition against Defendant Premiere Marketing, LLC (Premiere) on December 20, 2019 (ECF No. 1). Transparent amended its Complaint twice in response to motions to dismiss by Premiere, after which Premiere asserted counterclaims against Transparent for cancellation of Transparent's trademark, trademark infringement, and concurrent use. Def.'s Ans. 9-13 (ECF No. 26). At the center of all the parties' claims is Transparent's ownership of the United States trademark (Registration No. 2,227,222) for the service mark "TRANSPARENT ENERGY" (the "Mark"). Second Am. Compl. ¶ 10 (ECF No. 25).

1

On July 21, 2021—before the close of discovery but after the deadline to amend pleadings, *see* Ords. 30, 54, 47—Transparent filed its Motion to Join Additional Parties. Pl.'s Mot. 1. Specifically, Transparent requests leave to join Premiere's "owners," Paul Shagawat and Dustin Scarpa, as defendants to the lawsuit, claiming that they "controlled and directed [Premiere's] infringing activities." *Id.* at 2, 5-6.

Premiere filed a Response on August 16 (ECF No. 58) arguing that Transparent's Motion is untimely and that Transparent failed to show that joinder is "proper [and] likely to be free from prejudice." Def.'s Resp. ¶¶ 1-3. Transparent then filed a timely Reply arguing that it has established the requirements for amending its pleading past the deadline, that it has alleged sufficient facts to show Shagawat's and Scarpa's potential liability, and that Premiere's Response should be struck as untimely. Pl.'s Reply 3-7 (ECF No. 59). Finally, Premiere filed a motion requesting that its Response be considered timely. (ECF No. 60).

## Legal Standard

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings, where, as here, the scheduling order deadline to amend pleadings has passed. *S&W Enters. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Moreover, a district court has "broad discretion to preserve the integrity and purpose of [its] pretrial order," *S & W Enters.*, 315 F.3d at 535 (internal quotation marks and citation omitted), and therefore, broad

2

discretion in deciding whether to permit amendment of pleadings after the deadline, *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013).

However, "upon the movant's demonstration of good cause . . . the more liberal standard of Rule 15(a) appl[ies]." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (internal quotation marks and citation omitted). Under Rule 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[t]he language of this rule evinces a bias in favor of granting leave to amend," *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks and citation omitted), granting leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted).

In determining whether to grant leave to amend, "the district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 Fed. Appx. 472, 478 (5th Cir. 2009) (citation omitted). However, "[a]bsent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, . . . undue prejudice to the opposing party, [or the futility of the amendment,] the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal quotation marks

3

and citation omitted). "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Id.*

## Analysis

I. Premiere's Response to Transparent's Motion is deemed timely because its tardiness was due solely to a clerical error and excusable neglect.

As an initial matter, Transparent argues in its Reply that Premiere's Response should be struck as untimely. Pl.'s Reply 4. In so doing, Transparent points out that its Motion was filed on July 21, while Premiere's Response was filed on August 16—five days after the 21-day deadline expired. *Id.* While Transparent is correct that Local Civil Rule of the Northern District of Texas 7.1(e) expressly states that a response to an opposed motion "must be filed within 21 days from the date the motion is filed," Federal Rule of Civil Procedure 6(b) allows a court to extend such a deadline "on motion made after the time has expired if the party has failed to act because of excusable neglect." Premiere asserts that it failed to fail its Response on time because of "delays in the international travel of . . . counsel" and a "calendaring error." Def.'s Mot. to Extend 1-2.

The Court finds that Premiere's error here—resulting in only a five-day delay—falls into the category of excusable neglect. Accordingly, Premiere's Motion to Extend is GRANTED. Transparent's Motion to Join Additional Parties is thus fully briefed and ripe for determination.

  II. <u>Transparent has established good cause to amend its Complaint after the deadline for amendments has passed.</u>

  As discussed above, a party must demonstrate good cause in order to amend a pleading after the Court's deadline for amendments has passed. The four factors relevant to good cause are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (internal quotation marks and citation omitted). "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).

  Considering the first factor, Transparent argues that it did not have the information required to join the proposed defendants until Premiere complied with the Court's resolution of a series of discovery disputes in Transparent's favor. Pl.'s Mot. 6. Specifically, Transparent claims that while it knew that "Shagawat and Scarpa were owners of Premiere Marketing, the extent of their involvement with Premiere Marketing['s trademark infringement] was not apparent until the documents showing their involvement were produced [by Premiere] on June 30, 2021 and July 13th, 2021." *Id.* And, Transparent notes that it promptly filed its Motion to Join a mere eight days after obtaining all the relevant documents. *Id.*

  Premiere, meanwhile, argues that Transparent has no valid justification for the delay—noting that Transparent "has been discussing the case with [Shagawat

and Scarpa] . . . since at least September 27, 2017 and threatened to add them as Defendants since as early as at least August 14, 2019." Def.'s Resp. 4. Premiere further claims that "logic dictates that the Parties' discovery disputes were not likely the cause for [Transparent's] delay" since Transparent "had access to many of the cited exhibits prior to the amendment deadline." *Id.* But Premiere fails to substantively answer Transparent's assertion that it filed a Motion as soon as it received discovery responses demonstrating that Shagawat and Scarpa "directed Premiere's activities" relating to "Premier's infringement under the Lanham Act." Instead, Premiere offers only conclusory statements that Transparent had enough information to join the proposed defendants earlier in the lawsuit and does not address the specific evidence pointed to in Transparent's Motion. Accordingly, the Court finds that Transparent has provided a reasonable explanation for its failure to amend before the deadline.

Considering the second factor, Transparent argues that joinder is appropriate because "Shagawat and Scarpa have controlled and directed [Premiere's] infringing activities and can be personally liable for [those] infringing activities." Pl.'s Mot. 4. In its Response, Premiere argues that even if such joinder is appropriate it is unnecessary because any damages are "likely to be paid by the losing Parties' business anyway." Def.'s Resp. 7. Transparent counters in its Reply that Premiere "may be substantially depleted of assets by the time that judgment is entered in this case," and that a new litigation directed only at Shagawat and Scarpa would "involve many of the same . . . factual and legal issues." Pl.'s Reply 5.

6

Transparent's argument that the proposed defendants can serve as an alternate source of recovery—should Premiere itself lose value before judgment—demonstrates that their potential joinder is important. Further, a separate trial against Shagawat and Scarpa would be an inefficient use of judicial resources. Premiere's argument that it is the one likely to pay damages is belied by the fact that Shagawat and Scarpa are the owners of Premiere, which, as an LLC, is more susceptible to pre-judgment financial decline (whether intentionally or unintentionally) than would be another non-closely held entity.

Finally, considering the third and fourth factors, Transparent argues that any prejudice caused by the joinder can be mitigated by an extension to the case schedule, and that joinder is a more viable alternative than maintaining separate actions against Shagawat and Scarpa. Pl.'s Mot. 7. In response, Premiere asserts that if Transparent is allowed to join Premiere's principals then Premiere must be allowed to join Transparent's principals, leading to further delay. Def.'s Resp. 6. Premiere goes on to claim that these newly added parties "will have been deposed as witnesses *only* and likely require additional depositions as *Parties*," thereby increasing the costs to all parties. *Id.* at 7. Transparent counters that its motion for joinder does not require adding any new causes of action, that "the defenses available to the individuals are substantially identical, if not exactly identical, to Premiere's defenses," and that discovery has already been conducted on these defenses. Pl.'s Reply 6. In addition, Transparent also points out that Federal Rule

7

of Civil Procedure 32(a)(3) allows the parties to use the depositions of their respective principals "for any purpose." *Id.*

Premiere has failed to point to any law that would require the Court to allow it to join Transparent's principals to the case and has failed to demonstrate why the already-taken depositions of each principal would be inadequate if the principals are added as parties. Moreover, Transparent is correct that the arguments both for and against liability will be essentially the same for Shagawat, Scarpa, and Premiere—especially since the crux of Premiere's defense is that Transparent's marks are not protectable under trademark law. *See generally* Def.'s Mot. Partial Sum. J. (ECF No. 63).

Accordingly, each of the four factors weighs in favor of finding good cause. Transparent has demonstrated a reasonable explanation for the six-week delay in amending, has shown that joining the proposed defendants is important, and has shown that little prejudice will result from joinder. The Court therefore finds good cause and proceeds to the Rule 15 analysis.

   III.   <u>Allowing Transparent leave to join the new parties is appropriate because the joinder is not a result of Transparent's bad faith or repeated pleading failures, is not futile, and will not result in undue prejudice.</u>

As noted above, once a party has demonstrated good cause to amend after the deadline the Court must turn to "the more liberal standard of Rule 15(a)." *Hawthorne Land Co.*, 431 F.3d at 227. In conducting a Rule 15(a) analysis, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

8

undue prejudice to the opposing party, and futility of amendment." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013). And ultimately, the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The Court's Rule 16(b) analysis applies equally to many of the Rule 15(a) factors. Specifically, the Court has already found that Transparent has given a reasonable explanation for its delay, that the delay is a probable result of the discovery process, and that neither party is likely to suffer prejudice. Accordingly, the Court must now consider whether Transparent's proposed joinder would be futile.

Allowing Transparent to join Shagawat and Scarpa is futile if Transparent cannot state a claim against them. The crux of Transparent's claims against Premiere's principals is that they "engaged in trademark infringement by virtue of Premiere's actions, which they directed." Pl.'s Mot. 3. Transparent contends that since Shagawat and Scarpa directed Premiere's infringing conduct, they can be held "personally liable for such infringement without regard to piercing the corporate veil." *Id.* at 2 (quoting *Taylor Made Golf Co. v. MJT Consulting Group*, 265 F.Supp.2d 732, 746 (N.D. Tex. 2003) (citation omitted)). In addition, Transparent argues that this Court has personal jurisdiction over the proposed defendants "because they engaged in trademark infringement by virtue of Premiere's actions, which they directed, and which caused injury to Transparent Energy in Arlington, Texas." *Id.*

9

Premiere argues in response that Transparent has failed to properly plead jurisdiction or joinder. Def.'s Resp. 4. While admitting that Transparent correctly states "that the corporate veil need not be pierced to assert infringement against a company representative," Premiere claims that Transparent has "failed to distinguish or identify the proposed individuals' specific roles in the purported infringement." *Id.* at 4-5. Moreover, Premiere argues that Transparent "has not met its burden of plausibly alleging that the proposed individuals are liable for the purported infringement of the Defendant." *Id.* at 6. In addition, Premiere makes a cursory statement that Transparent's "jurisdictional allegations fail on the same grounds." *Id.* (quoting *Tempur-Pedic Intern., Inc. v. Go Satellite Inc.*, 758 F. Supp. 2d 366, 378 (N.D. Tex. 2010)).

"[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Taylor Made* 265 F.Supp.2d at 746 (quoting *Babbit Elec., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir.1994)). However, if a plaintiff merely pleads "that the defendant holds a particular title, without alleging that the [corporate officer] authorized or approved any allegedly infringing action," that plaintiff has failed to state a claim against the officer. *Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 294767, at *4 (S.D.N.Y. Jan. 22, 2019).

Transparent meets this pleading burden. Indeed, in its newly proposed amended complaint Transparent specifically alleges that "Scarpa and Shagawat

10

have directed the infringing activities of Premiere, have engaged in infringing acts directed towards Plaintiff, and have caused injury to Plaintiff, a Texas resident." Third Am. Compl. ¶ 4. This allegation is all that is required—an allegation that the corporate officers directed the company's infringing conduct, based on more than the officer's title. Indeed, in its Reply, Transparent sets out a detailed statement of the evidence (attached to the initial Motion to Join) showing that Shagawat and Scarpa directed Premiere's specifically alleged infringing acts. Pl.'s Reply 1-2.

The proposed amended complaint, paired with the attached evidence, establishes at least that Transparent can state a claim against Shagawat and Scarpa. Moreover, the same allegations are sufficient to support personal jurisdiction over Premiere's principals. *See Glob. 360, Inc. v. Spittin' Image Software, Inc.*, 2005 WL 625493, at *7 (N.D. Tex. Mar. 17, 2005) (holding that allegations of intentional infringement of copyrights and trademarks "are sufficient to establish a prima facie case of personal jurisdiction") (citing *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F.Supp.2d 820, 826 (N.D. Tex. 2002) (in trademark infringement action, exercising specific personal jurisdiction over nonresident corporate officer based on interactive website, where officer directed his tortious activities toward the forum state by registering and using domain names that infringed Plaintiff's trademark); *Auto Wax Co. v. Marchese*, 2002 WL 1558376, at *3 (N.D. Tex. July 5, 2002) (in patent infringement action, holding that intentional infringement of patent by individual corporate officer precludes fiduciary shield defense); *Optimum Return LLC v. Cyberkatz*

11

*Consulting, Inc.*, 2004 WL 827835, at * 3 (N.D. Tex. March 26, 2004) (in copyright infringement action, holding that intentional tort directed toward Texas by corporate officer precludes fiduciary shield defense)).

Transparent's arguments, together with the evidence attached to the Motion to Join and the proposed Third Amended Complaint, demonstrate that Transparent's proposed amendment would not be futile. Therefore, the Rule 15 factors indicate that the Court should allow Transparent to amend its complaint and join Shagawat and Scarpa.

## Conclusion

For the foregoing reasons, the Court GRANTS Transparent's Motion to Join Additional Parties (ECF No. 52). The Clerk's Office should therefore add Paul Shagawat and Dustin Scarpa as defendants in this case and should file Plaintiff's Third Amended Complaint (ECF No. 59-2) on the docket as the new operative complaint in this case.

**SO ORDERED**.

December 14, 2021.

                                                REBECCA RUTHERFORD
                                                U.S. MAGISTRATE JUDGE