IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSPARENT ENERGY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:19-cv-3022-BT |
| PREMIERE MARKETING, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Premiere Marketing, LLC (Premiere) has filed a Motion to Bifurcate Liability and Damages (ECF No. 106) in this trademark infringement and unfair competition case. For the reasons stated, the Court GRANTS Premiere's Motion.

A court may, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Bifurcation is thus "a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018) (citing *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992) (citing *Gonzalez–Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir.1988))). However, when bifurcating, a court "must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b) Moreover, "separation of issues is not the usual course that should be followed, and . . . the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without

1

injustice." *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978).

Premiere argues that the issues of liability and damages should be bifurcated and tried separately in this case. Premiere reasons that bifurcation will "eliminate[] [a] potential evidentiary problem and prejudice" and "expedite and economize" the proceedings. Defs.' Mot. 3. Transparent, meanwhile, contends that bifurcation is not appropriate in this case because the damages issue is not "extraordinarily complex" and because bifurcation will "cause substantial delay and may complicate the proceedings." Pl.'s Resp. 2 (ECF No. 111).

The Court agrees with Premiere. Other courts have frequently bifurcated liability and damages issues in trademark and Lanham Act cases. *See, e.g.*, *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1182 (5th Cir. 1980) ("The district court granted plaintiff's motion to bifurcate the issues of [trademark] liability and damages."); *Waples-Platter Companies v. Gen. Foods Corp.*, 439 F. Supp. 551, 557 (N.D. Tex. 1977) (noting that the issue of damages was bifurcated and reserved unless and until liability was found); *Tiffany and Co. v. Verrett*, 656 F. Supp. 706, 707-08 (S.D. Tex. 1986) (bifurcating Lanham Act claims and damages, and reserving the issue of damages and fees). *See also* *Lontex Corp. v. Nike, Inc.*, 2021 WL 2138621, at *1 (E.D. Pa. May 26, 2021) ("it is not unusual in intellectual property cases, for Judges to bifurcate liability from damages"); *Giro Sport Design Inc. v. Pro-Tec Inc.*, 1989 WL 418774, at *2 (N.D. Cal. Mar. 16, 1989) (allowing bifurcation over

the plaintiff's efficiency arguments because bifurcation "will divide the suit into two shorter suits rather than one long suit").

In this case, bifurcation will aid in the efficient use of judicial resources—especially as the Court endeavors to manage unprecedented demands on its docket and safety concerns of potential jurors during the ongoing pandemic. There is great benefit to the jury, if it decides liability in Premiere's favor, as it will not have to spend any extra time in court hearing damages testimony. This convenience is a factor of significant weight in the Court's decision.

Transparent's concern regarding the trial having a "piecemeal quality" and its desire to reduce the "time necessary to conduct two trial proceedings" will be mitigated by the Court's procedure in this case. Pl.'s Resp. 2. That is, rather than two trials, this case will function as one trial, tried in two phases—first on liability, and then on damages. *See, e.g.*, *Alfwear, Inc. v. Icon Health & Fitness, Inc.*, 2018 WL 6592728, at *1 (D. Utah Dec. 14, 2018). Indeed, "a single trial, divided into two phases, to the same jury will avoid prejudice to either party, enhance the ability of the jury to focus on the issues in front of it, and potentially increase efficiency to the extent the second phase proves unnecessary." *Id.* The jury will not be dismissed at the conclusion of the first phase unless it finds in Premiere's favor on the liability issues.

Accordingly, the Court GRANTS Premiere's Motion to Bifurcate Liability and Damages (ECF No. 106). The Court will provide further instructions about its procedure at the pretrial conference.

**SO ORDERED**.

December 30, 2021.

                                                                                     _____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE